**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Charity Jones, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Credence Resource Management, | ) | **COMPLAINT WITH** |
| LLC, | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

**PARTIES**

1.      Plaintiff, Charity Jones, is a natural person who resides in DeKalb County, Georgia.

2.      Defendant, Credence Resource Management, LLC, is a limited liability company formed under the laws of the State of Nevada and registered to do business

in Georgia. Defendant may be served with process via its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4.    This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff is a natural person allegedly obligated to pay a consumer debt arising out of a cellular phone bill and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a collection agency specializing in the collection of consumer debt.

9.     Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    For the last several months, the Plaintiff has been receiving collection calls and written communications from a number of parties, including the Defendant.

13.    Plaintiff spoke via telephone to Defendant on or about February 12, 2026.

14.    During the phone call, Plaintiff advised Defendant that she did not believe she was liable for the debt they were attempting to collect.

15.    Plaintiff clearly disputed the accounts to Defendant's representatives during the phone call.

16.     Defendant's representative acknowledged her disputes.

17.     Yet, Plaintiff accessed Plaintiff's credit report in March of 2026 and Defendant had not marked the account as disputed.

18.     Also during the course of the call, Defendant told Plaintiff that if she made payment on the debt, Plaintiff would incur a payment processing fee.

19.     On June 29th, 2022 the Consumer Financial Protection Bureau (CFPB) issued an advisory opinion specifically stating that the practice of charging "convenience fees" for payments taken over the telephone is a violation of the FDCPA and, specifically, 15 U.S.C. § 1692f(1) where such fees are not authorized by contract.

20.     The CFPB opinion referenced herein is well-known in the collection industry and was known to Defendant.

21.     Defendant's attempt to collect a convenience fee was an attempt to collect a fee not authorized under contract

22.     Defendant's actions caused Plaintiff anxiety, annoyance, and worry.

23.     Defendant's failure to mark Plaintiff's accounts as disputed caused inaccurate information about Plaintiff's credit history to be reported to third parties.

24.     Defendant took time out of her day to seek the advice of counsel regarding the Defendant's collection attempts.

## INJURIES-IN-FACT

25.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28.    Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

29.    Defendant's acts and omissions caused particularized harm to the Plaintiff in that she suffered worry and anxiety that inaccurate credit information

about her would be reported to third parties, and also that she took time to discuss this debt with counsel.

30.    Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

31.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)    Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)    Anxiety and worry due to concerns that she would continue to have inaccurate credit information about her reported to third parties.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

32.    Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and subparts*

33.   32.   15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

34.   The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

35.   The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

36.   Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

37.   A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

38.   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed is a false representation in connection with the collection of a debt. 15 U.S.C. § 1692e(8).

39.   Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(5), e(8) and e(10) among others.

***Violations of 15 U.SC. § 1692f and its subparts***

40.   The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses/fear/lack of sophistication of the Plaintiff.

41.   Defendant's attempts to collect fees unauthorized by the agreement which created the debt were unfair and unconscionable.

42.   Defendant's behavior violated 15 U.S.C. § 1692f and f(1).

43.   As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount

of $1,000.00, costs of this action and reasonable attorney's fees as determined by the

Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

44.    Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant

for:

a.)    Plaintiff's actual damages;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.)    Such other and further relief as may be just and proper.

Respectfully submitted this 30th day of March, 2026.

**BERRY & ASSOCIATES**
*/s/ Matt Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 509
Londonderry, VT 05148
Phone 651-208-6441

Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys